IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED
NOV 1 4 2007
11-14-07
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

THE TRUSTEE OF THE )
CHICAGO REGIONAL COUNCIL OF )
CARPENTERS PENSION FUND et al, )
)
)

Plaintiffs,

v.

07cv6453
JUDGE CONLON
MAG. JUDGE VALDEZ

ROOF RIGHT ROOFING & INSULATION, )
An Illinois Corporation, )
)
Defendant. )

# COMPLAINT

The Trustees of the Chicago Regional Council of Carpenters Pension Fund (hereinafter "Plaintiffs"), by and through their attorneys, complain against Roof Right Roofing & Insulation (hereinafter "Defendant") and allege as follows:

1. This action arises under the laws of the United States and is brought pursuant to the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§1132, 1145, 1451 (hereinafter referred to as "ERISA"). Jurisdiction is based upon the existence of questions arising thereunder, as hereinafter more fully appears.

2. Venue is appropriate in this Court pursuant to ERISA, 29 U.S.C. §§ 1132(e), 1451(d).

3. Plaintiffs bring this action in their capacity as Trustees of Chicago Regional Council of Carpenters Pension Fund, which is a "pension plan," within the meaning of ERISA, 29 U.S.C. § 1002(2), Plaintiffs being the now-acting fiduciaries thereof. The Pension Fund is administered within this District, at 12 E. Erie St, Chicago, IL 60611.

4. The Defendant is or was an Illinois corporation with its principal place of business located in the State of Illinois. Defendant is an "employer" and a "party-in-interest" as those terms are defined by, respectively, Sections 3(5), 14(c) of ERISA, 29 U.S.C. §1002(5) and 1002(14)(c).

5. Defendant was subject to collective bargaining agreements executed between itself and Chicago Regional Council of Carpenters, under which it was required to make contributions to the Pension Fund on behalf of certain of its employees.

6. On or about September 30, 2005, Defendant permanently ceased to have an obligation to contribute to the Pension Fund thereby effecting a "complete withdrawal" as defined in Section 4203 of ERISA, 29 U.S.C. §1383.

7. The cessation of covered operations in Paragraph 10, resulted in a "complete withdrawal," as defined in ERISA, 29 U.S.C. § 1383(a), from the Pension Fund on September 30, 2005.

8. As a result of this complete withdrawal, Defendant incurred withdrawal liability to the Pension Fund.

9. Under ERISA, an employer that wishes to contest withdrawal liability must initiate arbitration within the earlier of:

    a. 60 days of receiving a pension fund's notice denying the employer's request for a review of the assessed withdrawal liability, or

    b. 120 days of the employer requesting a review of the assessed withdrawal liability by the pension fund.

29 U.S.C. § 1401(a)(1). Alternatively, the parties can jointly request arbitration within 180 days after the pension plan's initial demand for payment of withdrawal liability. 29 U.S.C. § 1401(a)(1).

10. If arbitration is not initiated within the period allowed by 29 U.S.C. § 1401(a)(1), "the amounts demanded by the plan sponsor under section 1399(b)(1) of this title shall be due and owing on the schedule set forth by the plan sponsor. The plan sponsor may bring an action in a State or Federal court of competent jurisdiction for collection." 29 U.S.C. § 1401(b)(1).

11. The Pension Fund has determined that the Defendant's withdrawal liability totals $1,490,791.00, consistent with the requirements of 29 U.S.C. § 1381(b).

12. By letter dated October 24, 2006, the Pension Fund sent notice to the Defendant, through Richard A. Zerth of Roof Right Roofing and Insulation, of the assessed withdrawal liability, and demanded payment thereof, consistent with ERISA, 19 U.S.C. §§ 1382, 1399(b)(1). The Defendant received the notice on October 26, 2006. The notice allowed the Defendant to make quarterly payments of $90,388.30 to discharge the withdrawal liability beginning December 28, 2006, with a final payment of $71,637.50 twenty years thereafter.

13. The Defendant requested review of the Plan's determination on November 29, 2006. The Plan responded on January 23, 2007 that it had reviewed its actuary's calculations, and that it was standing by the amounts and payment scheduled outlined in its October 24, 2006 demand for payment.

14. Under the time schedule set forth in 29 U.S.C. § 1401(a)(1), the Defendants had until March 23, 2007 to initiate arbitration to contest liability.

15. To date, no arbitration proceedings disputing the assessed withdrawal liability has been initiated by the Defendant, or by the parties acting jointly. This means that the time for the Defendant to request arbitration specified by 29 U.S.C. § 1401(a)(1) has elapsed. In accordance with the statute, the amounts demanded by the Plaintiff as outlined in ¶ 15 are due and owing, and Defendant cannot contest liability.

16. ERISA further provides that in the event of a default in the payment of withdrawal liability pursuant to the schedule set forth in the initial demand, "a plan sponsor may require immediate payment of the outstanding amount of an employer's withdrawal liability, plus accrued interest on the total outstanding liability from the due date of the first payment which was not timely made." 29 U.S.C. § 1399(c)(5). "Default" is defined to include "the failure of an employer to make, when due, any payment under this section, if the failure is not cured within 60 days after the employer receives written notification from the plan sponsor of such failure. . . ." 29 U.S.C. § 1399(c)(5)(A).

17. The Pension Fund sent a certified letter dated March 23, 2007 to Richard A. Zerth of Roof Right Roofing and Insulation, notifying the Defendant that it was delinquent in its payment of withdrawal liability, and advising of the consequences of not curing the delinquency. The March 23, 2007 letter was received by the Defendant on March 26, 2007.

18. Under the time schedule set forth by 29 U.S.C. § 1399(c)(5)(A), Roof Right had until May 25, 2007 to cure its default.

19. To date, the Controlled Group has not made any payments towards the assessed withdrawal liability, and is currently delinquent in the payment of $90,388.40 in withdrawal liability pursuant to the initial payment schedule.

WHEREFORE, Plaintiffs Pray:

A. That judgment be entered against Defendants, awarding Plaintiffs:

1. the assessed withdrawal liability of $1,490,791;

2. interest on the assessed withdrawal liability calculated at 8% per year (pre and post judgment),

3. liquidated damages calculated at 20% of the assessed withdrawal liability; and

4. Plaintiffs' reasonable court costs and attorneys' fees incurred in their efforts to collect the withdrawal liability from Defendants.

B. That Plaintiffs have such further relief as may be deemed just and equitable by the Court, all at Defendants' cost.

By: _____
One of the Attorneys for the Plaintiffs


Names and Address of Attorneys
 for the Plaintiffs:

Karl E. Masters
Whitfield & McGann
111 E. Wacker, Suite 2600
Chicago, IL 60601
312/251-9700
Atty. No. 6277980