**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| THE TRUSTEES OF THE            )<br>CHICAGO REGIONAL COUNCIL OF  )<br>CARPENTERS PENSION FUND et al, )<br>                                )<br>         Plaintiffs,            )<br>    v.                          )<br>                                )<br>ROOF RIGHT ROOFING AND INSULATION, INC., )<br>                                )<br>    An Illinois Corporation     )<br>                                )<br>         Defendant.             ) | Case No. 07-6453<br><br>Judge Conlon<br><br>Magistrate Valdez |

**PLAINTIFF'S MOTION FOR JUDGMENT BY DEFAULT**

The Trustees of the Chicago Regional Council of Carpenters Pension Fund (hereinafter "Pension Fund"), by and through their attorneys, hereby move this Court for entry of order of judgment by default against Defendant, Roof Right Roofing & Insulation Company, Inc., (hereinafter "Defendants") pursuant to Rule 55(b) of the Federal Rules of Civil Procedure. In support of this motion, the Plaintiffs state as follows:

1.  On November 19, 2007, Plaintiffs filed a Complaint against Defendant in accordance with the provisions of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended by the Multiemployer Pension Plan Act Amendments of 1980 ("MPPAA"), 29 U.S.C. §1001 et seq., to collect withdrawal liability payments due and owing to the Pension Fund by Defendants as well as interest, liquidated damages, and attorneys' fees and costs.

2.  This action arises under the laws of the United States and is brought pursuant to the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§1132, 1145,

1451 (hereinafter referred to as "ERISA").  Jurisdiction is based upon the existence of questions arising thereunder.

3.     Venue is appropriate in this Court pursuant to ERISA, 29 U.S.C. §§ 1132(e), 1451(d).

4.     On November 19, 2007, the Defendant's president was served with copies of Summons and Complaint.  Therefore, this Court has personal jurisdiction over Defendant pursuant to Federal Rules of Civil Procedure 4(c) and 4(h).  (See Affidavits of Service filed with this court on November 30, 2007).

5.     The time for Defendant to appear, plead or otherwise defend expired on December 10, 2007.  Defendant has failed to appear, plead or otherwise defend in this action, and is in Default as outlined by Rule 55 of the Federal Rules of Civil Procedure.

6.     Plaintiffs bring this action in their capacity as Trustees of Chicago Regional Council of Carpenters Pension Fund, which is a "pension plan," within the meaning of ERISA, 29 U.S.C. § 1002(2). Plaintiffs are the now-acting fiduciaries thereof.  The Pension Fund is administered within this District, at 12 E. Erie St, Chicago, IL 60611. (See Declaration of James Rosemeyer at ¶ 2 attached hereto as *Exhibit A*, hereinafter "Rosemeyer Dec. at ¶ __).

7.     The Defendant is or was an Illinois corporation with its principal place of business located in the State of Illinois.  Defendant is an "employer" and a "party-in-interest" as those terms are defined by, respectively, Sections 3(5), 14(c) of ERISA, 29 U.S.C. §1002(5) and 1002(14)(c).

8.     Defendant was subject to collective bargaining agreements executed between itself and Chicago Regional Council of Carpenters, under which it was required to make contributions to the Pension Fund on behalf of certain of its employees (Rosemeyer Dec. at ¶ 5).

9.      On or about September 30, 2005, Defendant permanently ceased to have an obligation to contribute to the Pension Fund thereby effecting a "complete withdrawal" as defined in Section 4203 of ERISA, 29 U.S.C. §1383 (Rosemeyer Dec. at ¶ 6).

10.     The cessation of covered operations referenced in ¶ 9 resulted in a "complete withdrawal," as defined in ERISA, 29 U.S.C. § 1383(a), from the Pension Fund on September 30, 2005 (Rosemeyer Dec. at ¶ 6).

11.     As a result of this complete withdrawal, Defendant incurred withdrawal liability to the Pension Fund.

12.     Under ERISA, an employer that wishes to contest withdrawal liability must initiate arbitration within the earlier of:

    a.    60 days of receiving a pension fund's notice denying the employer's request for a review of the assessed withdrawal liability, or

    b.    120 days of the employer requesting a review of the assessed withdrawal liability by the pension fund.

29 U.S.C. § 1401(a)(1). Alternatively, the parties can jointly request arbitration within 180 days after the pension plan's initial demand for payment of withdrawal liability. 29 U.S.C. § 1401(a)(1).

13.     If arbitration is not initiated within the period allowed by 29 U.S.C. § 1401(a)(1), "the amounts demanded by the plan sponsor under section 1399(b)(1) of this title shall be due and owing on the schedule set forth by the plan sponsor. The plan sponsor may bring an action in a State or Federal court of competent jurisdiction for collection." 29 U.S.C. § 1401(b)(1).

14.     The Pension Fund has determined that the Defendant's withdrawal liability totals $1,490,791.00, consistent with the requirements of 29 U.S.C. § 1381(b) (Rosemeyer Dec. at ¶ 7).

15. By letter dated October 24, 2006, the Pension Fund sent notice to the Defendant, through Richard A. Zerth of Roof Right Roofing and Insulation, of the assessed withdrawal liability, and demanded payment thereof, consistent with ERISA, 19 U.S.C. §§ 1382, 1399(b)(1). The Defendant received the notice on October 26, 2006. The notice allowed the Defendant to make quarterly payments of $90,388.30 to discharge the withdrawal liability beginning December 28, 2006, with a final payment of $71,637.50 twenty years thereafter (Rosemeyer Dec. at ¶ 8).

16. The Defendant requested review of the Plan's determination on November 29, 2006. The Plan responded on January 23, 2007 that it had reviewed its actuary's calculations, and that it was standing by the amounts and payment scheduled outlined in its October 24, 2006 demand for payment.

17. Under the time schedule set forth in 29 U.S.C. § 1401(a)(1), the Defendants had until March 23, 2007 to initiate arbitration to contest liability (Rosemeyer Dec. at ¶ 10).

18. To date, no arbitration proceedings disputing the assessed withdrawal liability has been initiated by the Defendant, or by the parties acting jointly. This means that the time for the Defendant to request arbitration specified by 29 U.S.C. § 1401(a)(1) has elapsed. In accordance with the statute, the amounts demanded by the Plaintiff as outlined in ¶ 15 are due and owing, and Defendant cannot contest liability (Rosemeyer Dec. at ¶ 10).

19. ERISA further provides that in the event of a default in the payment of withdrawal liability pursuant to the schedule set forth in the initial demand, "a plan sponsor may require immediate payment of the outstanding amount of an employer's withdrawal liability, plus accrued interest on the total outstanding liability from the due date of the first payment which was not timely made." 29 U.S.C. § 1399(c)(5). "Default" is defined to include "the

4

failure of an employer to make, when due, any payment under this section, if the failure is not cured within 60 days after the employer receives written notification from the plan sponsor of such failure. . . ." 29 U.S.C. § 1399(c)(5)(A).

20. The Pension Fund sent a certified letter dated March 23, 2007 to Richard A. Zerth of Roof Right Roofing and Insulation, notifying the Defendant that it was delinquent in its payment of withdrawal liability, and advising of the consequences of not curing the delinquency. The March 23, 2007 letter was received by the Defendant on March 26, 2007 (Rosemeyer Dec. at ¶ 9).

21. Under the time schedule set forth by 29 U.S.C. § 1399(c)(5)(A), Roof Right had until May 25, 2007 to cure its default.

22. To date, Defendant has not made any payments towards the assessed withdrawal liability, and is currently delinquent in the payment of withdrawal liability pursuant to the initial payment schedule (Rosemeyer Dec. at ¶ 11).

23. Under Section 4301(b) of ERISA, 29 U.S.C. §1451(b), the failure to make withdrawal liability payments when due is treated in the same manner as a delinquent contribution under Section 515 of ERISA, 29 U.S.C. §1145. <u>Central States Pension Fund v. Slotsky</u>, 956 F.2d 1369, 1377 (7th Cir. 1992). Pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. §1132(g)(2), the Pension Fund is entitled to:

    (i)     delinquent withdrawal liability payments;
    (ii)    interest on the delinquent withdrawal liability payments;
    (iii)   an amount equal to the greater of the interest or liquidated damages as provided under the Plan in an amount not in excess of 20 percent of the delinquent withdrawal liability payments; and
    (iv)   reasonable attorney's fees and costs.

An award of these amounts is mandatory. <u>Central States Pension Fund v. Gerber Truck Service</u>, 870 F.2d 1148, 1156 (7th Cir. 1989 (en banc). The liquidated damages awarded under the MPPAA "are something that an employer must pay as a penalty for refusing to follow the statutory procedure for challenging assessments of withdrawal liability." <u>Central States v. Lady Baltimore Foods, Inc.</u>, 960 F.2d 1339, 1347 (7th Cir. 1992).

24. Pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. §1132(g)(2), the Defendant owes the Pension Fund a principal balance in the amount of $1,490,791.00 in withdrawal liability. (Rosemeyer Declaration at ¶11).

25. Under Section 502(g)(2) of ERISA, 29 U.S.C. §1132(g)(2), the interest calculation is as specified under the relevant Trust Agreement. Because the relevant Trust Agreements do not specify the rate of interest, the Fund is entitled to interest pursuant to Section 6621 of the Internal Revenue Code. Through the date of this motion, the Defendant owes the Pension Fund interest on the unpaid withdrawal liability in the total amount of $223,187.20 (Rosemeyer Declaration at ¶ 14).

26. The Pension Fund's Plan provides for liquidated damages in an amount equal to the greater of the interest on the delinquent withdrawal liability or up to twenty percent (20)% of the delinquent withdrawal liability. Therefore, the Defendant owes to the Pension Fund liquidated damages in the amount of twenty percent (20%) of the unpaid withdrawal liability payments, or $298,158.20 ($1,490,791.00 x 20%). (Rosemeyer Declaration at ¶15).

27. Pursuant to the terms of the Pension Fund Trust Agreement, the Defendant is required to pay all attorney's fees and costs incurred in connection with this case. The Pension Fund incurred attorney's fees in total amount of $1,785.00 and costs in the total amount of

$400.00 in this case, totaling $2,185.00.  (See Declaration of Karl E. Masters, attached hereto as *Exhibit B*.)

WHEREFORE, Plaintiffs Pray:

    A.    The Plaintiff is entitled to a judgment against the Defendant in the amount of: (i) $1,490,791.00 in withdrawal liability payments; (ii) $223,187.20 in interest (through August 21, 2007); (iii) $298,158.20 in liquidated damages; and (iv) $2,185.00 in attorney's fees and costs, totaling. $2,014,321.40

    B.    That this Court retain jurisdiction to enforce the provisions of its Order;

    C.    For such other relief deemed just and proper.

        Respectfully submitted,

        By:  /s/ Karl E. Masters
            One of the Attorneys for the Plaintiffs

Karl E. Masters
Whitfield McGann & Ketterman
111 E. Wacker Drive, Suite 2600
Chicago, IL 60601
312/251-9700
Atty. No. 6277980