IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| THE TRUSTEES OF THE<br>CHICAGO REGIONAL COUNCIL OF<br>CARPENTERS PENSION FUND et al, | )<br>)<br>) | Case No. 07-6453 |
| Plaintiffs, | )<br>) | |
| v. | ) | Judge Conlon |
| ROOF RIGHT ROOFING AND INSULATION, INC., | )<br>) | Magistrate Valdez |
| An Illinois Corporation | )<br>)<br>) | |
| Defendant. | ) | |

## SWORN DECLARATION PURSUANT TO 28 USCA § 1746

1.      I am the Manager of the Employer Contributions Department for the Chicago Regional Council of Carpenters Pension Fund ("Pension Fund") and in such capacity I am authorized to make this Declaration on behalf of the Fund. I have personal knowledge of the facts set forth below and would be competent to testify as to these facts if called as a witness in this matter.

2.      The Pension Fund is a multiemployer pension plan which is administered at its principal place of business at 12 E. Erie St., Chicago, Illinois 60611. Plaintiffs bring this action in their capacity as Trustees of Chicago Regional Council of Carpenters Pension Fund, which is a "pension plan," within the meaning of ERISA, 29 U.S.C. § 1002(2), Plaintiffs being the now-acting fiduciaries thereof. The Pension Fund is administered within this District, at 12 E. Erie St, Chicago, IL 60611.

3.      I am responsible for the Pension Fund's collection of withdrawal liability. If an employer has withdrawn from the Pension Fund, the Pension Fund calculates the withdrawal

liability and notifies the employer of the assessment in accordance with Section 4219(1)(1) of ERISA, , 29 U.S.C. §1399(b)(1).

4. The files maintained for every employer who has withdrawn from participation in the Pension Fund, including the file for Roof Right Roofing and Insulation (**"Defendant"**), are under my dominion and control.

5. The Pension Funds' records show that Defendant was subject to collective bargaining agreements executed between them and various Local Unions of the International Brotherhood of Carpenters, under which it was required to make pension contributions to the Pension Fund on behalf of certain of their employees.

6. The Pension Funds' records show that Defendant's obligation to contribute to the Fund permanently ceased on September 30, 2005, effecting a "complete withdrawal," as defined in Section 4203 of ERISA, 29 U.S.C. §1383.

7. As a result of this complete withdrawal, the Defendant incurred withdrawal liability to the Pension Fund in the amount of $1,490,791.00, as determined under Section 4201(b) of ERISA, 29 U.S.C. §1381(b). The Pension Fund has determined that the Defendant's withdrawal liability totals $1,490,791.00, consistent with the requirements of 29 U.S.C. § 1381(b).

8. On October 24, 2006, the Defendant received a notice and demand for payment of withdrawal liability issued by the Pension Fund in accordance with Sections 4202(1) and 4291(b)(1) of ERISA, 29 U.S.C. §§1382 and 1399(b)(1).

9. On March 23, 2007, the Defendant received a notice from the Pension Fund, pursuant to Section 4219(c)(5)(A) of ERISA, 29 U.S.C. §1399(c)(5)(A), that its withdrawal liability payments were past due, and which forewarned Defendants of the consequences of their failure to pay such liability.

10. The Defendant did not timely initiate arbitration pursuant to Section 4221(a)(1) of ERISA, 29 U.S.C. §1401(a)(1); consequently the amounts demanded by the Pension Fund are due and owing pursuant to Section 4221(b)(1) of ERISA, 29 U.S.C. §1401(b)(1).

11. To date, the Defendant has failed to make any withdrawal liability payments to the Pension Fund and are in default within the meaning of Section 4219(c)(5) of ERISA, 29 U.S.C. §1399(c)(5). As a result, the Defendant owes a principal balance of $1,490,791.00.

12. Pursuant to Section 4301(b) of ERISA, 29 U.S.C. §1451(b), the failure of an employer to pay withdrawal liability payments when due is treated in the same manner as a delinquent contribution under Section 515 of ERISA, 29 U.S.C. §1145.

13. Under Section 502(g)(2) of ERISA, 29 U.S.C. §1132(g)(2), the Pension Fund is entitled to the following relief when it prevails in an action under Section 515 of ERISA, 29 U.S.C. §1145, as incorporated by Section 4301(b) of ERISA, 29 U.S.C. §1451(b):

(i) delinquent withdrawal liability payments;
(ii) interest on the delinquent withdrawal liability payments;
(iii) an amount equal to the greater of the interest or liquidated damages as provided under the Plan in an amount not in excess of 20 percent of the delinquent withdrawal liability payments; and
(iv) reasonable attorney's fees and costs.

14. Under Section 502(g)(2) of ERISA, 29 U.S.C. §1132(g)(2), the interest calculation is as specified under the relevant Trust Agreement. Because the relevant Trust Agreements do not specify the rate of interest, the Fund is entitled to interest pursuant to Section 6621 of the Internal Revenue Code. Through the date of this motion, the Defendant owes the Pension Fund interest on the unpaid withdrawal liability in the total amount of $223,187.20

15. The Pension Fund's Plan provides for liquidated damages in an amount equal to the greater of the interest on the delinquent withdrawal liability or up to twenty percent (20)% of the delinquent withdrawal liability. Therefore, the Defendant owes to the Pension Fund

liquidated damages in the amount of twenty percent (20%) of the unpaid withdrawal liability payments, or $298,158.20 ($1,490,791.00 x 20%)

16. The Pension Fund has incurred $2,185.00 in attorney's fees and costs which are collectible under the terms of the Collective Bargaining Agreement., the Trust Agreements and federal law (29 U.S.C. §1132(g)(2)(D))(See Declaration of Karl E. Masters, attached to this motion as Exhibit B).

17. Accordingly, the Pension Fund is entitled to a judgment against the Defendant in the amount of: (i) $1,490,791.00 in withdrawal liability payments; (ii) $223,187.20 in interest; (iii) $298,158.20 in liquidated damages; and (iv) $2,185.00 in attorney's fees and costs, or $2,014,321.40.

I declare under penalty of perjury that the foregoing is true and correct,

Date    :    _____

Signature:    _____